UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRA A. BUCK, II and WYDITTE L. BUCK, Individually and as Parents and Natural Guardians of R.R.B., a Minor, | : : : : : | CIVIL ACTION – LAW<br><br>NO: |
| Plaintiffs | : : | (JUDGE             ) |
| vs. | : : | |
| KARAMJIT S. SEKHON and LALLY TRANSPORTATION, INC., | : : : | JURY TRIAL DEMANDED |
| Defendants | : | |

## **COMPLAINT**

1. Plaintiff Ira A. Buck, II is an adult individual residing at 4068 Muncy Exchange Road, Muncy, Lycoming County, Pennsylvania 17756.

2. Plaintiff Wyditte L. Buck is an adult individual and wife of Plaintiff, Ira A. Buck, II, residing at 4068 Muncy Exchange Road, Muncy, Lycoming County, Pennsylvania 17756.

3. Plaintiff R.R.B., a minor, is the child of Plaintiffs Wyditte L. Buck and Ira A. Buck, II, and resides at 4068 Muncy Exchange Road, Muncy, Lycoming County, Pennsylvania 17756.

4. Defendant Karamjit S. Sekhon is an adult individual residing at 74-5255 Guildwood Way, Mississauga, Ontario, Canada L5R4A-8.

5. Defendant Lally Transportation, Inc. is on information and belief a corporation with an address at 455 Gibraltar Drive, Mississauga, Ontario, Canada L5T2S9 with its head office located at 52 Mapleview Avenue, Brampton, Ontario, Canada L6R1M4.

6. There is more than $75,000.00 at issue in this matter and there is complete diversity of citizenship between the Plaintiffs, who are residents of the Commonwealth of

Pennsylvania, and the Defendants, who reside in Ontario, Canada, such that this Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1332(a)(1).

7. At all times material to this action, it is believed and therefore averred that on September 23, 2017, Defendant Karamjit S. Sekhon was an agent, servant or employee of Defendant Lally Transportation, Inc., acting in the furtherance of the business of Defendant Lally Transportation, Inc.

8. At all times material to this action, it is believed and therefore averred that on September 23, 2017, Defendant Karamjit S. Sekhon was acting during the course and scope of his employment or agency with Defendant Lally Transportation, Inc.

9. On September 23, 2017, at approximately 8:12 a.m., Plaintiff Ira A. Buck, II was operating a 2003 Chevrolet Silverado towing a trailer which hauled a 1968 SS Chevrolet Chevelle traveling south on SR 15 at the intersection of Loan Road in Kelly Township, Union County, Pennsylvania.

10. At said time and place Plaintiff Ira A. Buck, II was stopped at a red light on SR 15 south of the intersection with Loan Road, in the right hand lane.

11. At said time and place, Defendant Karamjit S. Sekhon was operating a 2011 Freightliner Casca tractor towing a freightliner semi-trailer, both vehicles of which were owned by Defendant Lally Transportation, Inc., when said vehicle traveling in the right hand lane did not stop, striking the Buck vehicle in the rear forcing it into a vehicle in front of it owned and operated by Andrea L. Bowers whose address is 630 East Guardlock Drive, Lock Haven, Clinton County, Pennsylvania 17745.

12. At the time of the above referenced collision, Plaintiff Ira A. Buck, II was driving his vehicle, Plaintiff Wyditte L. Buck was sitting in the front passenger's seat and Plaintiff R.R.B. was sitting in the back seat.

13. The force of said collision drove the Buck vehicle into the vehicle owned and operated by Andrea L. Bowers which was stopped in front of the Buck vehicle at a stop light and the force of said collision drove the Bowers vehicle several feel from the point of impact.

14. As a result of said motor vehicle crash, Plaintiff Ira A. Buck II, suffered as least the following injuries:

    (a) Back injury
    (b) Neck injury
    (c) Headaches
    (d) Possible T11 fracture
    (e) Thoracic and low back pain
    (f) Left arm pain and numbness
    (g) Cervicocranial syndrome
    (h) Multi disc protrusions and herniations at T11-T12

15. As a direct result of the injuries sustained in said motor vehicle crash, Plaintiff Ira A. Buck, II required medical treatment including emergency room visitation, diagnostic tests, physical therapy, physical examination, chiropractic treatment and taking prescription medication and he will need additional medical care in the future.

16. As a direct result of the aforementioned motor vehicle collision, Plaintiff Ira A. Buck, II has incurred medical expenses for his treatment, the exact amount of which is currently unknown, and he will incur additional medical expenses in the future.

17. As a direct result of the aforementioned motor vehicle collision, Plaintiff Ira A. Buck, II has incurred income loss, the exact amount of which is currently unknown.

18. As a direct result of the aforementioned motor vehicle collision and his resulting injuries, Plaintiff Ira A. Buck, II has experienced significant physical pain and suffering, mental

anguish, discomfort, anxiety, inconvenience, distress and loss of enjoyment of life, which may continue indefinitely in the future.

19. As a direct result of the aforementioned motor vehicle collision, Plaintiff Wyditte L. Buck has suffered and continues to experience the loss of her husband's comfort, companionship, society, consortium, and services.

20. As a direct result of the aforementioned motor vehicle collision, Plaintiff Wyditte L. Buck suffered at least the following injuries:

    (a) Neck pain and injury
    (b) Cervical injury
    (c) Shoulder injury and pain
    (d) Left arm and hand paresthesis
    (e) Black halo effect in her right eye

21. As a direct result of the injuries sustained in said motor vehicle crash, Plaintiff Wyditte L. Buck required medical treatment including emergency room visitation, diagnostic tests, physical therapy, physical examination, chiropractic treatment and taking prescription medication, use of a TENS unit, and she will need additional medical care in the future.

22. As a direct result of the aforementioned motor vehicle collision, Plaintiff Wyditte L. Buck has incurred medical expenses for her treatment, the exact amount of which is currently unknown, and she will incur additional medical expenses in the future.

23. As a direct result of the aforementioned motor vehicle collision, Plaintiff Wyditte L. Buck has incurred income loss, the exact amount of which is currently unknown.

24. As a direct result of the aforementioned motor vehicle collision and her resulting injuries, Plaintiff Wyditte L. Buck has experienced significant physical pain and suffering, mental anguish, discomfort, anxiety, inconvenience, distress and loss of enjoyment of life, which may continue indefinitely in the future.

25. As a direct result of the aforementioned motor vehicle collision, Plaintiff Ira A. Buck, II has suffered and continues to experience the loss of his wife's comfort, companionship, society, consortium, and services.

26. As a direct result of the aforementioned motor vehicle collision, Plaintiff R.R.B. suffered at least the following injuries:

    (a) Back injury
    (b) Neck injury
    (c) Right lower back injury
    (d) Psychological trauma
    (e) Headache

27. As a direct result of the injuries sustained in said motor vehicle crash, Plaintiff R.R.B. required medical treatment including emergency room visitation, diagnostic tests, physical therapy, physical examination, chiropractic treatment and taking prescription medication, and she will need additional medical care in the future.

28. As a direct result of the aforementioned motor vehicle collision, Plaintiff R.R.B. has incurred medical expenses for her treatment, the exact amount of which is currently unknown, and she will incur additional medical expenses in the future.

29. As a direct result of the aforementioned motor vehicle collision and her resulting injuries, Plaintiff R.R.B. has experienced significant physical pain and suffering, mental anguish, discomfort, anxiety, inconvenience, distress and loss of enjoyment of life, which may continue indefinitely in the future.

### COUNT I
### (Negligence)

**Plaintiff Ira A. Buck, II vs. Defendant Karamjit S. Sekhon**

30. Paragraphs 1 – 29 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

31. Defendant Karamjit S. Sekhon owed a legal duty to other users of the highway, including Ira A. Buck, II, to operate his vehicle in a safe and prudent manner in order to avoid injuring them, and Defendant breached this duty.

32. Defendant Karamjit S. Sekhon was otherwise negligent in that he:

   (a) Was driving at an unsafe speed in that his speed was greater than is reasonable and prudent under the conditions and having regard to the actual potential hazards existing and greater than would permit him to bring his vehicle to a stop within the assured clear distance rule in violation of Section 3361 of the Pennsylvania Motor Vehicle Code.

   (b) Followed the Buck vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicle and the traffic upon and the condition of the highway in violation of Section 3310 of the Pennsylvania Motor Vehicle Code.

   (c) Drove his vehicle in a careless disregard for the safety of persons in violation of Section 3714 of the Pennsylvania Vehicle Code.

   (d) Was inattentive to traffic conditions in his path.

   (e) Failed to control his vehicle and prevent it from coming into contact with the Buck vehicle.

   (f) Failed to act with due care and regard for the position and safety of others, and in particular, the Buck vehicle.

33. The negligence of Defendant Karamjit S. Sekhon as set forth in paragraphs 31 and 32 above was the factual, direct and proximate cause of the collision that caused the injuries to Ira A. Buck, II as more fully described in paragraph 14 of this Complaint.

WHEREFORE, Plaintiff Ira A. Buck, II demands judgment against the Defendant Karamjit S. Sekhon in excess of $75,000 together with interests and costs.

## COUNT II
## (Vicarious Liability)

### Plaintiff Ira A. Buck, II vs. Defendant Lally Transportation, Inc.

34. Paragraphs 1 – 33 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

35. At the time of this collision, Karamjit S. Sekhon was operating a vehicle owned by Defendant Lally Transportation, Inc.

36. At the time of this collision, Karamjit S. Sekhon was operating the aforementioned vehicle while he was acting within the course and scope of his employment for Defendant Lally Transportation, Inc., and all his actions were in furtherance of Defendant Lally Transportation, Inc.'s corporate business.

37. At the time of this collision, Karamjit S. Sekhon was negligent as described in paragraphs 31 and 32 above, and his negligence was the factual, direct and proximate cause of the injuries to Ira A. Buck, II as more fully described in paragraph 14 of this Complaint.

38. Defendant Lally Transportation, Inc. is vicariously liable for the negligence of its employee, Karamjit S. Sekhon, and the resulting injuries to Ira A. Buck, II.

39. At the time of this collision, Karamjit S. Sekhon was furthering the interests of his employer by driving his employer's vehicle in the course of interstate commerce.

WHEREFORE, Plaintiff Ira A. Buck, II demands judgment against the Defendant, Lally Transportation, Inc., in excess of $75,000, together with interests and costs.

## COUNT III
### (Negligence)

**<u>Plaintiff Wyditte L. Buck vs.Defendant Karamjit S. Sekhon</u>**

40. Paragraphs 1 – 39 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

41. Defendant Karamjit S. Sekhon owed a legal duty to other users of the highway, including Wyditte L. Buck, to operate his vehicle in a safe and prudent manner in order to avoid injuring them, and Defendant breached this duty.

42. Defendant Karamjit S. Sekhon was negligent as more fully described in paragraphs 31 and 32 of this Complaint.

43. The negligence of Defendant Karamjit S. Sekhon as set forth in paragraphs 31 and 32 above was the factual, direct and proximate cause of the collision that caused the injuries to Wyditte L. Buck as more fully described in paragraph 20 of this Complaint.

WHEREFORE, Plaintiff Wyditte L. Buck demands judgment against the Defendant Karamjit S. Sekhon in excess of $75,000 together with interests and costs.

## COUNT IV
### (Vicarious Liability)

**<u>Plaintiff Wyditte L. Buck vs. Defendant Lally Transportation, Inc.</u>**

44. Paragraphs 1 – 43 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

45. At the time of this collision, Karamjit S. Sekhon was operating a vehicle owned by Defendant Lally Transportation, Inc.

46. At the time of this collision, Karamjit S. Sekhon was operating the aforementioned vehicle while he was acting within the course and scope of his employment for

Defendant Lally Transportation, Inc., and all his actions were in furtherance of Defendant Lally Transportation, Inc.'s corporate business.

47. At the time of this collision, Karamjit S. Sekhon was negligent as described in paragraphs 31 and 32 above, and his negligence was the factual, direct and proximate cause of the injuries to Wyditte L. Buck as more fully described in paragraph 20 of this Complaint.

48. Defendant Lally Transportation, Inc. is vicariously liable for the negligence of its employee, Karamjit S. Sekhon, and the resulting injuries to Wyditte L. Buck.

49. At the time of this collision, Karamjit S. Sekhon was furthering the interests of his employer by driving his employer's vehicle in the course of interstate commerce.

WHEREFORE, Plaintiff Wyditte L. Buck demands judgment against the Defendant, Lally Transportation, Inc., in excess of $75,000, together with interests and costs.

### COUNT V
### (Negligence)

**Plaintiffs Ira A. Buck, II and Wyditte L. Buck, as Parents and Natural Guardian of R.R.B., a Minor v. Defendant Karamjit S. Sekhon**

50. Paragraphs 1 – 49 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

51. Defendant Karamjit S. Sekhon owed a legal duty to other users of the highway, including R.R.B., to operate his vehicle in a safe and prudent manner in order to avoid injuring them, and Defendant breached this duty.

52. Defendant Karamjit S. Sekhon was negligent as more fully described in paragraph 31 and 32 of this Complaint.

53. The negligence of Defendant Karamjit S. Sekhon as set forth in paragraphs 31 and 32 above was the factual, direct and proximate cause of the collision that caused the injuries to R.R.B. as more fully described in paragraph 26 of this Complaint.

WHEREFORE, Plaintiffs Ira A. Buck, II and Wyditte L. Buck as Parents and Natural Guardians of R.R.B., a minor, demand judgment against the Defendant Karamjit S. Sekhon in excess of $75,000 together with interests and costs.

## COUNT VI
### (Vicarious Liability)

**Plaintiffs Ira A. Buck, II and Wyditte L. Buck as Parents and Natural Guardians of R.R.B., a minor vs. Defendant Lally Transportation, Inc.**

54. Paragraphs 1 – 53 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

55. At the time of this collision, Karamjit S. Sekhon was operating a vehicle owned by Defendant Lally Transportation, Inc.

56. At the time of this collision, Karamjit S. Sekhon was operating the aforementioned vehicle while he was acting within the course and scope of his employment for Defendant Lally Transportation, Inc., and all his actions were in furtherance of Defendant Lally Transportation, Inc.'s corporate business.

57. At the time of this collision, Karamjit S. Sekhon was negligent as described in paragraphs 31 and 32 above, and his negligence was the factual, direct and proximate cause of the injuries to R.R.B. as more fully described in paragraph 26 of this Complaint.

58. Defendant Lally Transportation, Inc. is vicariously liable for the negligence of its employee, Karamjit S. Sekhon, and the resulting injuries to R.R.B.

59. At the time of this collision, Karamjit S. Sekhon was furthering the interests of his employer by driving his employer's vehicle in the course of interstate commerce.

WHEREFORE, Plaintiffs Ira A. Buck, II and Wyditte L. Buck as Parents and Natural Guardians of R.R.B., a minor, demand judgment against the Defendant, Lally Transportation, Inc., in excess of $75,000, together with interests and costs.

ELION, GRIECO, CARLUCCI
& SHIPMAN, P.C.

By   s/Robert B. Elion
        Robert B. Elion, Esqiure
        I.D. No. PA 21030
        Attorney for Plaintiffs
        125 East Third Street
        Williamsport, PA 17701
        (570) 326-2443 (phone)
        (570) 326-1585 (fax)
        relion@elionlaw.com