# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRA A. BUCK, II and WYDITTE L. BUCK, individually and as parents and natural guardians of R.R.B., a minor, | No. 4:19-CV-00134 |
| | (Judge Brann) |
| Plaintiffs, | |
| v. | |
| KARAMJIT S. SEKHON and LALLY TRANSPORTATION, INC., | |
| Defendants. | |

## MEMORANDUM OPINION

### NOVEMBER 5, 2019

This is a negligence action arising from a tractor-trailer collision premised on this Court's diversity jurisdiction. Plaintiffs request leave to amend their complaint to include a claim for punitive damages. Defendants oppose this request on the grounds that the proposed amendment would be futile and unduly prejudicial.

Under Federal Rule of Civil Procedure 15, courts should freely grant leave to amend unless at least one enumerated ground for denying leave, such as futility or undue prejudice, applies. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."[1] "In assessing

---
[1] *Shane v. Fauver*, 213 F3d 113, 115 (3d Cir 2000).

'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."[2] The prejudice inquiry focuses on the hardship to the Defendants if the amendment were permitted, including "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."[3]

Plaintiffs' proposed complaint alleges that Defendant Karamjit Sekhon drove a commercial truck at an unsafe speed on a dangerous road, followed the Plaintiffs' vehicle too closely, and was inattentive to traffic conditions around him. A jury could award punitive damages if these allegations are proven, and the facts already discovered do not render the allegations implausible. The Defendants will not be unduly prejudiced by this amendment because adding a claim for punitive damages "will not significantly change the substance of the underlying allegations" and "will not cause Defendants to substantially alter their trial strategy."[4] Further, courts have consistently held that it is premature to dismiss demands for punitive damages.[5]

---

[2] *Id*.

[3] *AutoTrakk, LLC v. Automotive Leasing Specialists, Inc*, 2017 WL 2936730, at *7 (MD Pa July 10, 2017), quoting *Cureton v. National Collegiate Athletic Association*, 252 F3d 267, 273 (3d Cir 2001).

[4] *Boyds Collection, Ltd v. Chambliss*, Civ No 3-1416 (MD Pa May 2, 2005).

[5] *See, for example*, *Stahlnecker v. Morris*, 2019 WL 3003415, at *3 (MD Pa July 10, 2019); *Kerlin v. Howard*, 2018 WL 4051702, at *2 (MD Pa Aug 24, 2018); *Hyder v. Womack*, 2018 WL 4604535, at *2 (MD Pa Sept 25, 2018).

Because I find that Plaintiffs' proposed amendment is not futile and will not unduly prejudice Defendants, Plaintiffs' motion for leave to file a first amended complaint is **GRANTED**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge